*160 WALTERS, J.,
specially concurring.
I concur in the judgment of the court and its reasoning that, because the unlawful stop “led to the request for identification, which led to the observation of pouches that the officer believed contained drugs, which led to the request to search and the evidence ultimately obtained,” the “evidence was the product of the initial unlawful stop” and must be suppressed. 356 Or at 158. I also agree that the officer took advantage of the unlawful stop “in a way that likely had an effect on defendant’s decision to consent.” Id. at 159.1 write, however, with a plea for consistency and simplicity.
In State v. Unger, 356 Or 59, 333 P3d 1009 (2014), the majority specifically declared that it was adhering to the following principle articulated in State v. Hall, 339 Or 7, 115 P3d 908 (2005), and other cases: “A causal connection requiring suppression may exist because the police sought the defendant’s consent solely as a result of knowledge of inculpatory evidence obtained from unlawful police conduct.” Unger, 356 Or at 86. The majority described the connection between the illegality and the consent to search as “a direct causal connection.” Id. The majority then went on to discuss “less direct exploitation,” which, it said, requires consideration of the totality of the circumstances to determine whether the consent was sufficiently related to the unlawful police misconduct to require suppression. Id.
To me, this case is a perfect example of the “direct causal connection” described and adhered to in Unger, and the court apparently does not disagree. 356 Or at 157-58. However, the court nevertheless goes on to discuss whether the constitutional violation was severe, purposeful, or flagrant. When previously describing the exploitation that occurs in circumstances of “direct causal connection,” the court has not considered the factors applicable in “less direct exploitation” cases, and I question whether that complexity is necessary or desirable. The cause of consistency and simplicity would be advanced if the court were to conclude, without adjectival measuring, that, in this case, the evidence must be suppressed because the officer violated the constitution, *161 obtained an advantage that he otherwise would not have had, and then exploited that advantage to obtain consent to search.
The cause of consistency also would be advanced if the court were to recognize that the same reasoning that requires exclusion of the inculpatory evidence in this case requires exclusion of the inculpatory evidence at issue in Unger. In both cases, the officers approached the defendants to try to ascertain whether criminal conduct was taking place. In this case, the officer violated the constitution because he stopped defendant without reasonable suspicion. In Unger, the officers violated the constitution because they invaded the defendant’s property and privacy without his permission. In both cases, the officers gained an advantage that they would not have had had they operated within the law. In this case, the unconstitutional stop permitted the officer to get defendant’s attention, see pouches, and ask for consent to search. In Unger, the unconstitutional intrusion permitted the officers to get the defendant’s attention and ask for consent to search. To be consistent, the court, in both cases, should require the suppression of the evidence that the officers obtained by pressing their advantage.
I am heartened that, in this case, the court recognizes the causal link between the constitutional violation and the inculpatory evidence and orders its suppression. I take hope from the fact that, in State v. Ayles, 348 Or 622, 636, 237 P3d 805 (2010), State v. Rodgers/Kirkeby, 347 Or 610, 629-30, 227 P3d 695 (2010), and State v. Hall, 339 Or 7, 34-35, 115 P3d 908 (2005), the court recognized the same causal link and also ordered suppression, and that, in the trilogy of cases decided today, this court did not explicitly overrule those cases. My plea is that, in the years to come, courts will continue to adhere to the reasoning in this and those cases and, in doing so, will make the law more consistent, more easily applied, and more true to its constitutional purpose.
Baldwin, J., joins in this opinion.